# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STEVE BODNAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:06-CV-077 |
| | ) |
| JILL SISSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte.*

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the plaintiff's complaint pursuant to 28 U.S.C. section 1915A(b)(2). The Clerk is **FURTHER ORDERED** to close this case.

BACKGROUND

Pro se Plaintiff, Steve Bodnar ("Bodnar"), a prisoner confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. section 1983. Bodnar alleges that Defendants, Trisha Hudson and Jill Sisson, violated his First, Fifth, and Sixth Amendment rights by asking the Porter Superior Court to restrict his ability to file papers in that court. This Court dealt with similar allegations by this Plaintiff against these Defendants in *Bodnar v. Sisson*, 2:05-CV-199, which this Court dismissed without prejudice on February 23, 2006, pursuant to 28 U.S.C. section 1915A(b)(2).

DISCUSSION

Pursuant to section 1915A(a), the Court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. One of the Defendants in this case is a governmental officer.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. The Court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027 (7th Cir. 2000). As stated by the Seventh Circuit Court of Appeals:

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Bodnar brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Bodnar alleges that Attorney Jill Sisson ("Sisson") and Deputy Prosecutor Trisha Hudson ("Hudson") obtained a court order restricting his pleadings in the Porter Superior Court. Bodnar seeks damages from each Defendant.

Sisson, representing Dena Schroeter, obtained a protective order from the Porter Superior Court, prohibiting him from contacting Schroeter or attempting to correspond with her. Schroeter asserted that Bodnar had violated the protective order, and on May 31, 2005, the trial court conducted an inquiry into this issue.

Bodnar attached to his complaint a copy of the order entered by Porter Superior Judge David Chidester on May 31, 2005. In that order, Judge Chidester restricted Bodnar's future ability to file materials with the court. Judge Chidester noted that Bodnar had "inundated this court and Clerk with Pro Se handwritten motions and such, contesting

the entry of a Permanent Protective Order" the court had issued. After reviewing the evidence, the court determined that "[i]t is obvious to the Court that [Bodner] has attempted to further manipulate the system and harass" Schroeter. As a sanction, Judge Chidester entered an order that

> "the Warden (sic) of the Miami Correctional Facility . . . restrict [Bodner's] mail to prohibit any and all pleadings, filing, correspondence or the like from inmate Steven Bodnar to the Clerk of Porter County, for any purpose, and to prohibit the mailing of any further correspondence from Steven Bodnar to this Court or Clerk."

Defendants were not the persons who restricted Mr. Bodnar's access to the Porter Superior Court. Judge Chidester entered the order restricting his access to that court, and he is immune from damages for that action. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *see also John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990).

Moreover, even aside from the doctrine of judicial immunity, the issuance of the order restricting Bodnar's access to the courts states no claim upon which relief can be granted. Where a court determines that a prisoner litigant has abused his access to the courts by manipulating the system and harassing officials, or by filing frivolous claims, it has the authority to sanction the litigant by restricting his ability to file future cases or materials. *See Montgomery v. Davis*, 362 F.3d 956 (7th Cir. 2004). In that case, the Seventh Circuit determined that two Indiana prisoners had abused their right of access to the courts, and barred them from any further civil actions of any sort until they

settled monetary sanctions previously imposed on them.

Judge Chidester's order does not suggest that Sisson or Hudson requested Bodnar be sanctioned for violating the protective order by harassing Scroeter and filing manipulative documents with the court. But even assuming that Judge Chidester was responding to a motion made by them when he entered the sanctions order, Bodnar's allegations against these Defendants state no claim upon which relief can be granted. That an attorney moves a court to enter an order in accordance with the court's jurisdiction states no claim against the attorney.

Moreover, to state a claim under section 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the defendant did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). An attorney, even a public defender appointed to represent a criminal defendant in state court, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981).

It appears that at least one of Defendants did not act under color of state law. Defendant Sisson was a private attorney representing a private client in a civil action. Moreover, although Hudson is a deputy prosecutor, the action in which she is alleged to have violated Bodnar's rights was a civil action, not a criminal action. The attachments to the complaint do not suggest that Hudson had any involvement in the hearing of May 31, 2005, but to the extent she was involved in that hearing she also may not have acted

under color of state law.

CONCLUSION

For the reasons set forth above, the Clerk is **ORDERED** to **DISMISS** the Plaintiff's complaint. The Clerk is **FURTHER ORDERED** to close this case.

**DATED:   June 26, 2006**               /s/RUDY LOZANO, Judge
                                         **United States District Court**