## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| STEVE BODNAR, | ) |
| | ) |
| Plaintiff, | ) |
| | )   NO. 2:06-CV-077 |
| v. | ) |
| | ) |
| JILL SISSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This matter is before the Court on the letter and *in forma pauperis* petition filed by Steve Bodnar ("Bodnar"), a *pro se* prisoner, on August 29, 2006. After due consideration of his letter, Bodnar's request to waive the filing fee is **DENIED** and the post-judgment *in forma pauperis* petition is **DENIED AS MOOT**.

Bodnar asks the Court to waive the filing fee in this case. He states he filed it *in forma pauperis* and evidently did not expect to pay the filing fee. As the order granting *in forma pauperis* status made clear, a prisoner must pay the filing fee either in advance or over time. A prisoner may defer payment, but he cannot avoid payment. "[I]f a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

28 U.S.C. section 1915(b)(2) requires that an inmate pay 20% of the preceding month's income credited to the prisoner's account.

> A prisoner who filed one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . ..

*Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) *overruled on other grounds* by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).  Therefore, Bodnar's request to waive the filing fee is **DENIED** and the post-judgment *in forma pauperis* petition is **DENIED AS MOOT**.

**DATED:  September 6, 2006**            /s/RUDY LOZANO, Judge
                                         United States District Court